**F I L E D**

# UNITED STATES COURT OF APPEALS

**JUL 1 1998**

# TENTH CIRCUIT

UNTED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAMES CHARLES ABBOTT, also
known as Jim King, also known as
Grandpa,

    Defendant-Appellant.

No. 97-6199, 97-6206
(D.C. No. CR-96-98-T)
(WOK)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

James Charles Abbott was charged in a multi-count indictment with conspiracy to distribute methamphetamine, maintaining a place for the distribution of controlled substances, possession of firearms by a convicted felon, distributing methamphetamine, and carrying a weapon during and in relation to a drug trafficking crime. Following his conviction he was sentenced to a total term of imprisonment of 900 months and five years of supervised release. On appeal, Mr. Abbott argues that the order of proof under which the evidence against him was placed before the jury denied him a fair trial. We affirm.

Mr. Abbott contends the trial court improperly allowed the government to introduce exhibits and evidence of firearms, narcotics, money, and documents before that evidence was connected to him. He asserts the government thereby gained a tactical advantage over him because the jury's ability to evaluate the credibility of later witnesses was affected by the prior presentation of this damaging evidence. In so doing, Mr. Abbott ignores probative evidence admitted along with the evidence to which he objects that connected him to that evidence at the time of its admission. In any event, his argument is contrary to the governing rules of evidence, the case law, and the commentators.

Mr. Abbott concedes, as he must, that "the order of proof is within the sound discretion of the trial judge." *United States v. Krohn*, 573 F.2d 1382, 1387 (10th Cir. 1978); *see also Geders v. United States*, 425 U.S. 80, 86 (1976). A

-2-

variation in the usual order of proof will not be considered an abuse unless it tends to confuse the jury, misleads the opponent, or finds him unprepared to counter the evidence as a result of the order in which it was presented. *See* 6 JOHN H. WIGMORE, EVIDENCE § 1867, at 655-56 (Chadbourn rev. ed. 1976). The Rules of Evidence likewise provide that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a).

The Rules of Evidence likewise commit the admissibility of evidence to the trial court's discretion. Rule 104 states that preliminary questions concerning the admissibility of evidence shall be determined by the court, and further provides that "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition." Fed. R. Evid. 104(b).

One noted commentator has directly addressed and rejected the argument Mr. Abbott makes here.

> It constantly happens that an evidential fact is relevant, not with
> direct reference to an allegation in the pleadings, but only through its

connection with other subordinate facts . . . . Without them it is irrelevant, or immaterial, and therefore inadmissible. So far, then, as concerns the time of its introduction in evidence, one might expect a rule requiring such a fact *not to be given in evidence until the connecting facts*, by reason of which it becomes relevant, have first been put in evidence.

No such rule, however, would be practicable; for those same connecting facts would themselves often be irrelevant apart from the fact in question; in other words, the relevancy appears only when all are considered together. Now it is obviously impossible to present all the facts at precisely the same moment or in the testimony of a single witness. Hence, some of the connected facts must be allowed to be presented before the others, even though the former, standing alone, are irrelevant.

Thus the fundamental rule, universally accepted, is that with reference to facts whose relevancy depends upon others, the *order of presentation is left to the discretion of the party himself*, subject of course to the general discretion of the trial court . . . in controlling the order of evidence. In other words, if an evidential fact offered *has an apparent connection* with the case *on the assumption that other facts shall also be proved*, it may be admitted. No objection, therefore, can be made merely on the ground that the other facts have not yet been evidenced.

6 WIGMORE, *supra*, § 1871, at 644.

The evidence at issue here was admitted during the testimony of law enforcement officers who had found the items while searching Mr. Abbott's residence, motel rooms, and vehicles. Although Mr. Abbott contends this evidence was admitted before it was linked to him, the record reveals that the jury was informed at the time of its admission of evidence linking him to the motel rooms from which other evidence was taken, and that evidence was found during a search of Mr. Abbott's residence. Much of the evidence was thus connected to

some extent to Mr. Abbott at the time it was admitted. The proof of connection "affects the weight of the evidence rather than its ultimate admissibility once the preliminary issue of admissibility is determined." *United States v. Brewer*, 630 F.2d 795, 802 (10th Cir. 1980).

Although some evidence was admitted subject to being connected to the defendant, Mr. Abbott does not assert that a proper foundation was not ultimately laid at trial, contending only that he was prejudiced because it was not laid first. Moreover, Mr. Abbott does not assert that he was surprised or unable to counter the evidence as a result of the order in which it was presented, arguing only that its damaging impact was thereby enhanced. Unfortunately for Mr. Abbott, the order of proof is generally within the control of the party presenting it and a matter within the trial court's discretion. The prejudice of which Mr. Abbott complains is in essence based more on the highly inculpatory nature of the evidence rather than the order in which the jury received it, and is thus simply not the sort of adverse effect that rises to an abuse of discretion or the denial of a fair trial.

The conviction is **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge
